## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID HOWARD,           )
      Petitioner,        )
                      )
vs.                    )     **C.A. No. 07-212 Erie**
                      )
H.J. MARBERRY, Warden,    )     **Chief Magistrate Judge Baxter**
      Respondent.     )

## MEMORANDUM OPINION[1]

Petitioner, David Howard, is a federal prisoner presently incarcerated at the Federal Correctional Institution at McKean ("FCI McKean") in Bradford, Pennsylvania. He brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Docket # 10]. He asserts that his judgment of conviction and sentence, which was imposed by the United States District Court for the Eastern District of New York, should be vacated. Petitioner is not entitled to pursue his claims under 28 U.S.C. § 2241 because where, as here, the challenge is to the validity of a conviction and sentence, such claims must be brought pursuant to a motion under 28 U.S.C. § 2255 in the Eastern District of New York. Accordingly, the petition is dismissed for lack of subject matter jurisdiction.

### A.    Relevant Factual and Procedural History

On or about November 16, 2000, the United States District Court for the Eastern District of New York sentenced Petitioner to a term of imprisonment of 180 months, to be followed by five years of supervised release for his conviction of "Felon in Possession" statutes, 18 U.S.C. §§ 922(g)(1) and 924(e). (See Ex.[2] 1). Petitioner appealed to the United States Court of Appeals for the Second Circuit, which affirmed. United States v. Howard, 24 Fed.Appx. 39 (2d Cir. 2001). The United States Supreme Court denied Petitioner's petition for writ of *certiorari* on April 1,

---

[1]  In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have an United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

[2]  All "Ex." citations are to those documents attached to the Response (Docket No. 17).

2002. <u>Howard v. United States</u>, 535 U.S. 978 (2002).

On or about January 4, 2002, Petitioner filed a petition for writ of coram nobis/writ of habeas corpus in the District Court for the Eastern District of New York, in which he argued that the court lacked jurisdiction to try him for the offenses for which he had been convicted, and that he had been denied effective assistance of counsel.  (Ex. 2).  The following month, Petitioner moved to withdraw that petition because at the time he was also challenging the denial of his direct appeal to the United States Supreme Court and was "not ready to pursue his 2255 option." (Ex. 3).  The district court granted Petitioner's motion on February 13, 2002, and closed the case. (Ex. 4).

In March 2003, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 in the District Court for the Eastern District of New York, arguing that his trial counsel was ineffective.  (Ex. 5).  The district court construed the petition as a successive § 2255 motion within the meaning of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") which first needed to be certified by the United States Court of Appeals for the Second Circuit.  Therefore, the district court transferred the case to the court of appeals for certification consideration.  (Ex. 6).  On July 8, 2004, the Second Circuit determined that Petitioner's § 2255 motion was not second or successive under AEDPA, and remanded the matter to district court to consider the motion on its merits.  (Ex. 7).

On May 31, 2006, the District Court for the Eastern District of New York issued a memorandum and order denying the § 2255 motion on the merits.  (Ex. 9).  On August 28, 2007, the Second Circuit denied a certificate of appealability.  (Ex. 11).

Next, Petitioner filed in this Court the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Docket # 10], in which he once again challenges his judgment of conviction and in which he alleges that his remedy under 28 U.S.C. § 2255 is inadequate and ineffective. (<u>See</u> <u>also</u> Reply to Respondent's Response, Docket # 19).

**B.** **Claims Generally Cognizable in Federal Habeas Corpus Proceedings**

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal

2

prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 343 (1974)). See also, Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002); Chambers v. Romine, 41 Fed. Appx. 525, 526 (3d Cir. 2002); Brown v. Mendez, 167 F.Supp.2d 723, 726 (M.D. Pa. 2001) ("As a general rule, a § 2255 motion 'supersedes habeas corpus and provides the exclusive remedy' to one in custody pursuant to a federal court conviction.") (quoting Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972)). In contrast, matters concerning the execution of a sentence are within the subject matter jurisdiction of the court presiding in the district in which a prisoner is incarcerated. Such claims are properly brought in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. See, e.g., Cradle, 290 F.3d at 538-39. Merely styling a petition as one falling under § 2241 does not render it proper pursuant to that statutory provision.

Respondent correctly contends that the Court must dismiss the petition for want of subject matter jurisdiction because Petitioner is challenging the validity of his conviction and sentence, a challenged that must be presented to the District Court for the Eastern District of New York by a motion under 28 U.S.C. § 2255. Under § 2241 jurisprudence, the issues raised in the instant petition are not within the jurisdiction of this Court.

## C.    The Savings Clause of 28 U.S.C. § 2255

Petitioner asserts that he is entitled to disregard the jurisdictional requirements of 28 U.S.C. § 2241 and pursue the instant petition in this Court because the remedy under 28 U.S.C. § 2255 is allegedly inadequate and/or ineffective. Section 2255 provides, in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [section 2255], shall not be entertained if it appears that the applicant has failed to apply for relief by motion [to vacate sentence pursuant to section 2255], to the court which sentenced him, or that such court has denied him relief, *unless it appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). The italicized portion of the statutory language is commonly referred to as § 2255's "savings clause" or "safety valve."

Petitioner asserts that the instant case falls within § 2255's savings clause because he is innocent and in support he raises numerous claims of trial court error, prosecutorial misconduct, and ineffective assistance of counsel. He argument is unpersuasive. All of his claims are those that he either could have raised or did raise on direct appeal or in his § 2255 proceeding, both of which were unsuccessful. Importantly, "[a] section 2255 motion is not 'inadequate or ineffective' merely because the petitioner cannot meet the stringent gatekeeping requirements of section 2255 [and file another post-conviction motion], Okereke, 307 F.3d at 120, or because the sentencing court does not grant relief, Cradle, 290 F.3d at 539." David v. Grondolsky, 2009 WL 17857, * 1 (3d Cir. Jan. 2, 2009) (full citations in original). "Rather, the 'safety valve' provided under section 2255 is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law." Id. at *1 (citing Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)). As Respondent correctly notes, it is the inefficacy of the remedy under § 2255, not the personal inability to use it, that is determinative, and a habeas corpus petition pursuant to § 2241 is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255. Cradle, 290 F.3d at 538-39.

Here, Petitioner's situation is not the rare one rendering section 2255 inadequate or ineffective. Therefore, the Court does not have jurisdiction to consider his claims and his § 2241 petition shall be dismissed.[3]

An appropriate Order follows.

---

[3] Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B). As such, this Court makes no certificate of appealability determination in this matter.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAVID HOWARD,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **C.A. No. 07-212 Erie** |
| | ) | |
| **H.J. MARBERRY, Warden,** | ) | **Chief Magistrate Judge Baxter** |
| **Respondent.** | ) | |

# O R D E R

AND NOW, this 12th day of March, 2009;

IT IS HEREBY ORDERED that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Docket # 10] is DISMISSED for lack of subject matter jurisdiction.

The Clerk of Courts is directed to close this case.

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief United States Magistrate Judge